IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY JOHNSON,<br>    Plaintiff,<br><br>v.<br><br>DETECTIVE ROBERT WHITAKER and<br>CITY OF CHESTER,<br>    Defendants. | CIVIL ACTION<br>NO. 14-1780 |

**Jones, II    J.**                                                                 **December 3, 2014**

## MEMORANDUM

### I.   Introduction

Gregory Johnson ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments and alleges various state law claims. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. For the reasons set forth herein, Defendants' Motion shall be granted and Plaintiff's Second Amended Complaint shall be dismissed with prejudice.

### II.   Standard of Review

Plaintiff brings the instant civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments. Presently before the court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### III. Background

For the purpose of deciding the instant Motion, the Court must take all alleged facts as true. *Phillips*, 515 F.3d at 233. On November 11, 2010, Plaintiff was a visitor at 329 Taylor Terrace. (SAC ¶ 12.) Independent of and unrelated to Plaintiff's visit at this address, Detective Robert Whitaker and other officers from the Chester County police obtained a search warrant from Delaware County Magisterial District Judge Dawn Vann to search this address for firearms and narcotics. (SAC ¶¶ 9-11.) During the execution of the search warrant on November 11, 2010, Detective Whitaker directed the arrest of Plaintiff on numerous charges of possession of prohibited firearms, controlled substances, and drug paraphernalia. (SAC ¶ 14.) Plaintiff was incarcerated on these charges until January 31, 2011. (SAC ¶ 17.) On March 11, 2011, The Honorable Frank T. Hazel, Delaware County Court of Common Pleas, granted Plaintiff's motion

to suppress Plaintiff's arrest. (SAC ¶ 18.) On March 22, 2011, Judge Hazel granted Plaintiff's application for *nolle prosequi*. (SAC ¶ 19.)

Plaintiff further alleges that Defendant City of Chester failed to train its police officers in the proper exercise of their police powers and in the proper execution of search warrants. (SAC ¶ 30.) Further, the City of Chester failed to properly sanction and discipline officers who violated the constitutional rights of citizens. (SAC ¶ 31.) Such failure to train and to sanction officers created a policy, practice, or custom whereby the City of Chester encouraged its police officers to violate the constitutional rights of citizens. (SAC ¶¶ 29-31.)

On November 9, 2012, Plaintiff filed a civil action in the Delaware County Court of Common Pleas against Detective Robert Whitaker and the Chester Police Department "arising out of the same facts at the instant case...." (SAC ¶ 26.) On June 27, 2014, Plaintiff filed a Complaint with the Delaware Court of Common Pleas alleging common law state claims. (Dkt No. 13, Pl. Resp. to Mot. to Dismiss at 4-5 [hereinafter Pl. Resp.].)

On March 24, 2014, Plaintiff filed with this Court to proceed *in forma pauperis*. (Dkt No 1.) On March 28, 2014, the Court approved Plaintiff to proceed *in forma pauperis*, dismissed Plaintiff's complaint, and granted Plaintiff the opportunity to refile an Amended Complaint. (Dkt No. 2.) Plaintiff timely filed an amended complaint. (Dkt No. 5.) With the allowance of the Court, Plaintiff filed a Second Amended Complaint, with counsel. (Dkt No. 11 [hereinafter SAC].)

Plaintiff alleged the following causes of action: (1) 42 U.S.C. § 1983 actions for violations of Plaintiff's Fourth and Fourteenth Amendment rights, (SAC ¶¶ 27-32); (2) state law claims for assault and battery, false arrest and imprisonment, malicious prosecution, invasion of privacy – casting in a false light, negligence, gross negligence, negligent hiring, training,

3

retention, and supervision. (SAC ¶¶ 33-34.)  On June 12, 2014, Defendants moved to dismiss. (Dkt No. 12 [hereinafter MTD].) In his Response to Defendants' Motion to Dismiss, Plaintiff withdrew his claims for punitive damages against the City of Chester and his state claims against the City of Chester. (Pl. Resp. ¶¶ 27, 29, 33.) All other claims remain pending.

IV.     Discussion

   A. **Pennsylvania law governs the statute of limitations. The statutes of limitations as to all of Plaintiff's claims are two years. This statute of limitations expired no later than March 22, 2013.**

Plaintiff's complaint alleges causes of action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights due to unlawful detention, arrest, and malicious prosecution and state law claims. Because there is no federal statute of limitations with respect to civil rights actions arising under section 1983, the relevant state's statute of limitations for analogous actions applies. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Wallace v. Kato,* 549 U.S. 384, 387 (2007)); *see also Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974) (citing *O'Sullivan v. Felix*, 233 U.S. 318 (1914)). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique*, 603 F.3d at 185 (citing *Cito v. Bridgewater Twp. Police Dep't,* 892 F.2d 23, 25 (3d Cir. 1989)). Pennsylvania, as the parties agree, is the applicable state/Commonwealth here. Pennsylvania mandates a two-year statute of limitations for actions for assault, battery, false imprisonment, false arrest, and malicious prosecution. 42 Pa. Cons. Stat. Ann. § 5524. Thus, a section 1983 claim arising in Pennsylvania has a two-year statute of limitations. Similarly, all of Plaintiff's state claims have a two-year statute of limitations.

4

Under these facts, the latest possible date that the cause of action accrued was March 22, 2011, the date that the charges against Plaintiff were terminated. As such, the statute of limitations on all claims expired by March 22, 2013. Both parties agree to this date. (MTD ¶ 6; Pl. Resp. at 1, 9.)

### B. Pennsylvania state law governs the tolling of the statute of limitations period. There is no applicable tolling of the limitations period in this case.

Plaintiff argues that the statute of limitations was tolled by his filing in state court. State law, unless inconsistent with federal law, governs the issue of whether a limitations period should be tolled. *Dique*, 603 F.3d at 185 (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). Thus, "state tolling principles govern the tolling of the applicable state statutes of limitations in federal civil rights actions arising under 42 U.S.C.A. § 1983." *Ammlung*, 494 F.2d at 816.

Plaintiff cites to *Oshiver v. Levin, Fishbein, Sedran & Berman* for the proposition that equitable tolling stops the statute of limitations "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." 38 F.3d 1380, 1385 (3d Cir. 1994) (citing *School Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). *Oshiver* applies to federal tolling. As Pennsylvania concepts of tolling, and not federal concepts of tolling, apply in this case, the *Oshiver* case is not controlling. Moreover, arguendo, even if this exception did apply, it would not apply in this case as a section 1983 claim can be brought in state court. A state court is not the "wrong forum" for a section 1983 claim. *See Martinez v. California*, 444 U.S. 277, 283 n. 7 (1980).

The Court instead must look to Pennsylvania to see if the timely filing of an action in state court tolls the statute of limitations for a subsequent filing in federal court. "The running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under

5

Pennsylvania concepts of tolling by the commencement of a similar suit in state court." *Ammlung*, 494 F.2d at 816 (citing *Falsetti v. Local Union No. 2606, United Mine Workers of Am.*, 355 F.2d 658, 662 (3d Cir. 1966); *McCreary v. Redevelopment Authority of City of Erie*, 427 Fed. App. 211, 214 (3d Cir. 2011); *Humphries v. Houghton*, 442 Fed. Appx. 626, 628 n. 3 (3d Cir. 2011); *Kehres v. Pennsylvania*, 262 Fed. Appx. 466, 469 (3d Cir. 2008); *Soppick v. Borough of West Conshohocken*, 118 Fed. Appx. 631, 636 (3d Cir. 2004); *see also Ravitch v. Pricewaterhouse*, 793 A.2d 939, 942 (Pa. Super. 2002). As such, in Pennsylvania, for a section 1983, the statute of limitations is not tolled for "mistakenly" asserting rights "in the wrong forum." The statute of limitations on Plaintiff's federal claims has expired.

Similarly, the statute of limitations has expired as to all of Plaintiff's state claims.

## V. Conclusion

Plaintiff's claims are time-barred and dismissed with prejudice. Finding the timeliness issue dispositive, the Court does not meet Defendants' contentions that Plaintiff's section 1983 claims against the City of Chester are insufficiently pled, that Plaintiff has failed to state a false light claim, or that Plaintiff's section 1983 claims based on alleged violations of the Fourteenth Amendment are insufficiently pled. An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.